AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court __Northern District of California__ on the following ☐ Patents or ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| | | |

| PLAINTIFF<br>AMERICAN AUTOMOBILE ASSOCIATION, INC., a<br>Connecticut corporation | DEFENDANT<br>MOHAMMAD NAJAFPIR, an individual doing business as AAA<br>SMOG TEST ONLY; AAA SMOG TEST ONLY, an entity of<br>unknown form; and DOES 1 through 10, inclusive |
|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 829,265 | May 23, 1967 | The American Automobile Association (Incorporated) |
| 2 | 2,158,654 | May 19, 1998 | American Automobile Association, Inc. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

American LegalNet, Inc.<br>www.USCourtForms.com



NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

MICHAEL T. HORNAK (SBN 81936)
AKO S. WILLIAMS (SBN 212451)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
ATTORNEYS FOR Plaintiff AMERICAN AUTOMOBILE
ASSOCIATION, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

AMERICAN AUTOMOBILE ASSOCIATION, INC., a
Connecticut corporation,

Plaintiff(s)

v.

MOHAMMAD NAJAFPIR an individual doing business as
AAA SMOG TEST ONLY; AAA SMOG TEST ONLY
CENTER, an entity of unknown form; and DOES 1 through
10, Inclusive,

Defendant(s)

CASE NUMBER

CV 07 5720

**CERTIFICATION AND NOTICE
OF INTERESTED PARTIES**

TO: THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for AMERICAN AUTOMOBILE ASSOCIATION, INC.
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary
interest in the outcome of this case. These representations are made to enable the Court to evaluate possible
disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| AMERICAN AUTOMOBILE ASSOCIATION, INC. | PLAINTIFF |
| MOHAMMAD NAJAFPIR | DEFENDANT |
| AAA SMOG TEST ONLY | DEFENDANT |

RUTAN & TUCKER, LLP

Date November 6, 2007

By _____
Ako s. Williams
Attorneys for Plaintiff AMERICAN AUTOMOBILE
ASSOCIATION, INC.

_____
Attorney of record for or party appearing in pro per

American LegalNet, Inc.
www.USCourtForms.com

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA



AMERICAN AUTOMOBILE ASSOCIATION, INC., a
Connecticut corporation

### **SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**MHP**

**V.**

MOHAMMAD NAJAFPIR, an individual doing business as
AAA SMOG TEST ONLY; AAA SMOG TEST ONLY, an
entity of unknown form; and DOES 1 through 10, Inclusive

**CV 07    5720**

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ako S. Williams

RUTAN & TUCKER, LLP

611 Anton Blvd., Ste. 1400

Costa Mesa, CA 92626

an answer to the complaint which is herewith served upon you, within        days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

DATE NOV 1 3 2007

(BY) DEPUTY CLERK

American LegalNet, Inc.
www.USCourtForms.com

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |
| Name of SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐      Served Personally upon the Defendant. Place where served:

☐      Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐      Returned unexecuted:

☐      Other *(specify):*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on      _____
                           *Date*

                                                  _____
                                                  *Signature of Server*

                                                  _____
                                                  *Address of Server*

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

American LegalNet, Inc.
www.USCourtForms.com

1  Michael T. Hornak (State Bar No. 81936)
   mhornak@rutan.com
2  Ako S. Williams (State Bar No. 212451)
   awilliams@rutan.com
3  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
5  Facsimile: 714-546-9035

6  Attorneys for Plaintiff
   AMERICAN AUTOMOBILE ASSOCIATION,
7  INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 | AMERICAN AUTOMOBILE                  CASE NO.
   | ASSOCIATION, INC., a Connecticut
12 | corporation,
   |                                       COMPLAINT FOR:
13 |              Plaintiff,
   |                                       1.  FEDERAL SERVICE MARK
14 |     vs.                                   INFRINGEMENT [15 U.S.C. §
   |                                           1114(1)(a) AND (b)];
15 | MOHAMMAD NAJAFPIR, an               2.  FALSE DESIGNATION OF
   | individual doing business as AAA        ORIGIN [15 U.S.C. § 1125(a)];
16 | SMOG TEST ONLY; AAA SMOG            3.  TRADE NAME OR SERVICE
   | TEST ONLY, an entity of unknown         MARK DILUTION [15 U.S.C. §
17 | form; and DOES 1 through 10, Inclusive,  1125(c)(1)];
   |                                       4.  INJURY TO BUSINESS
18 |              Defendants.                  REPUTATION AND DILUTION
   |                                           [CAL. BUS. & PROF. CODE §
19 |                                           14330];
   |                                       5.  UNFAIR AND DECEPTIVE
20 |                                           TRADE PRACTICES [CAL. BUS.
   |                                           & PROF. CODE § 17000 et seq.];
21 |                                           AND
   |                                       6.  COMMON LAW UNFAIR
22 |                                           COMPETITION AND
   |                                           TRADEMARK INFRINGEMENT
23

24 ///

25 ///

26 ///

27 ///

28 ///

1    Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for

2  its complaint against the above-named defendants, alleges as follows:

3                          **JURISDICTION AND VENUE**

4    1.    This Court has jurisdiction under 28 U.S.C. section 1338(a) as this

5  action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and

6  1125(c)(1) as well as under pendent jurisdiction under 28 U.S.C. section 1367.

7    2.    This Court also has jurisdiction under 28 U.S.C. section 1332 because

8  Plaintiff and defendants are citizens of different states, and the matter in controversy

9  exceeds $75,000, exclusive of interest and costs.

10    3.    Venue is proper in the Northern District of California under 28 U.S.C.

11  section 1391(b) and (c) because defendants reside in this judicial district, as defined

12  in § 1391(c), a substantial part of the events, omissions and acts which are the

13  subject matter of this action occurred within the Northern District of California, and

14  Defendants are subject to personal jurisdiction and may be found in this district.

15                          **INTRADISTRICT ASSIGNMENT**

16    4.    Pursuant to Civil L.R. 3-2(c) and General Order No. 44, assignment of

17  this case to the San Francisco Division is proper because this is an Intellectual

18  Property case involving federally registered trademarks.

19                                  **PARTIES**

20    5.    Plaintiff is a corporation organized and existing under the laws of the

21  State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow,

22  Florida.

23    6.    On information and belief, defendant Mohammad Najafpir ("Najafpir")

24  is an individual residing in this judicial district and doing business as AAA Smog

25  Test Only.

26    7.    On information and belief, defendant AAA Smog Test Only is an entity

27  of unknown form with its principal place of business at 869 California Drive,

28  Burlingame, California.

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07                          -2-

COMPLAINT FOR TRADEMARK
INFRINGEMENT

8.    On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

9.    On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

10.    The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

11.    Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; unfair and deceptive trade practices under California Business and Professions Code sections 17000 *et seq*.; and common law palming off, trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.    Plaintiff is the owner of the famous AAA mark, U.S. service mark registration No. 829,265, used in connection with a number of services, including but not limited to conducting motor vehicle tests in International Class 42.  A copy of this registration is attached hereto as Exhibit 1.

13.    Plaintiff is the owner of the famous AAA mark (stylized logo), U.S. service mark registration No. 2,158,654, used in connection with a number of

Rutan & Tucker LLP
attorneys at law

COMPLAINT FOR TRADEMARK
INFRINGEMENT

2275/017601-0027
859948.01 a11/06/07                                -3-

1  services, including but not limited to conducting motor vehicle tests in International

2  Class 42. A copy of this registration is attached hereto as Exhibit 2.

3       14.    Plaintiff is the owner of numerous other famous registered trademarks

4  incorporating the AAA mark in the United States and throughout the world.

5       15.    Plaintiff has been serving motorists under the AAA mark of

6  Registration No. 829,265 for more than 100 years.

7       16.    Plaintiff, by virtue of the services offered under its AAA marks, is

8  recognized throughout the world as a provider of motor vehicle testing services.

9       17.    On information and belief, at all relevant times hereto, defendants have

10  been and are in the business of automobile smog testing service using the AAA

11  marks. On information and belief, defendants use the AAA marks in conducting

12  and promoting their business, including, without limitation, by prominently

13  displaying trade names incorporating the AAA marks on their business premises, in

14  their signage, in their stationery, in telephone and online directory listings, and in

15  various other marketing materials. A true and correct copy of a sample of

16  defendants' advertisement incorporating the AAA marks is attached hereto as

17  Exhibit 3.

18       18.    On or about September 12, 2007, Plaintiff sent a cease and desist letter

19  to defendants Najafpir and AAA Smog Test Only, giving notice of Plaintiff's

20  ownership of federally registered service marks and demanding that they

21  immediately cease and desist from all uses of the AAA mark in connection with

22  their goods and services. Najafpir and AAA Smog Test Only responded to this

23  letter and expressed their unwillingness to cease and desist from all uses of the AAA

24  marks in connection with their goods and services.

25       19.    On or about October 8, 2007, Plaintiff's outside counsel sent a second

26  cease and desist letter to Najafpir, again giving notice of Plaintiff's ownership of

27  federally registered service marks and demanding that they immediately cease and

28  desist from all uses of the AAA marks in connection with their goods and services.

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07                                          -4-

COMPLAINT FOR TRADEMARK
INFRINGEMENT

1  Najafpir received this letter on October 9, 2007, but ignored Plaintiff's demands.

2       20.    On information and belief, defendants continue their unauthorized use

3  of the AAA marks.

## FIRST CLAIM FOR RELIEF

### (Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))

6       21.    Plaintiff repeats and incorporates herein by reference each and every

7  allegation contained in Paragraphs 1 through 20 above, inclusive, as though fully set

8  forth herein.

9       22.    Plaintiff is the owner of a number of federal trademark and service

10  mark registrations that incorporate the AAA mark and specifically asserts ownership

11  of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 829,265 | AAA | May 23, 1967 |
| 2,158,654 | AAA (stylized logo) | May 19, 1998 |

15      23.    Plaintiff first used the AAA mark of registration No. 829,265 in

16  connection with conducting motor vehicle tests at least as early as 1903 and has

17  continued and expanded use thereof up to the present.  Thus, long before the acts

18  complained of herein, motorists and members of the general consumer population in

19  the United States and across the world have recognized the AAA mark as an

20  exclusive source identifier for motor vehicle testing services originating from

21  Plaintiff.  The registration for the AAA mark is incontestable under section 15 of the

22  Lanham Act, 15 U.S.C. section 1065, and it constitutes conclusive evidence of

23  Plaintiff's exclusive right to use the AAA mark in connection with motor vehicle

24  testing services.

25      24.    Plaintiff first used the AAA mark (stylized logo) of registration No.

26  2,158,654 in connection with conducting motor vehicle tests at least as early as

27  March 1, 1997, and has continued and expanded use thereof up to the present.  Thus,

28  long before the acts complained of herein, motorists and members of the general

Rutan & Tucker LLP
attorneys at law

COMPLAINT FOR TRADEMARK
INFRINGEMENT

2275/017601-0027
859948.01 a11/06/07                                    -5-

1  consumer population in the United States and across the world have recognized the

2  AAA mark (stylized logo) as an exclusive source identifier for motor vehicle testing

3  services originating from Plaintiff. The registration for the AAA mark (stylized

4  logo) is incontestable under section 15 of the Lanham Act, 15 U.S.C. section 1065,

5  and it constitutes conclusive evidence of Plaintiff's exclusive right to use the AAA

6  mark (stylized logo) in connection with motor vehicle testing services.

7      25.    Plaintiff's registered service marks identified above are valid and

8  subsisting and remain in full force and effect as evidence of the validity thereof and

9  Plaintiff's ownership of the marks in connection with the services specified in the

10  registration.

11      26.    As a result of the long period of use and extensive advertisement and

12  sale of services under the AAA and AAA (stylized logo) marks, motorists and

13  members of the general consumer population in the United States and across the

14  world recognize the AAA and AAA (stylized logo) marks as exclusive source

15  identifiers for motor vehicle testing services originating from Plaintiff.

16      27.    Defendants' use of the AAA marks in interstate commerce in

17  connection with their goods and services is causing and will continue to cause a

18  likelihood of confusion, mistake, and deception with respect to: (a) the source and

19  origin of the goods and services offered by defendants; (b) the affiliation,

20  connection, and association of Plaintiff with defendants; and (c) Plaintiff's

21  sponsorship, approval, and/or control of the goods and services offered by

22  defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

23      28.    On information and belief, defendants are now committing the acts

24  complained of above and have continued to do so in defiance of Plaintiff's requests

25  that they cease such acts.

26      29.    Defendants' acts and conduct constitute federal service mark

27  infringement that has caused and, unless restrained and enjoined by this Court, will

28  continue to cause a likelihood of consumer confusion, mistake, and deception.

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07

COMPLAINT FOR TRADEMARK
INFRINGEMENT
-6-

1    30.    On information and belief, defendants' acts of service mark

2  infringement in violation of the Lanham Act have caused financial injury and

3  damages to Plaintiff and have been willful, making this an exceptional case within

4  the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff

5  to damages, attorneys' fees, and costs.

6    31.    Plaintiff is entitled to damages as a result of defendants' actions and

7  conduct and, because such damages alone do not provide Plaintiff with an adequate

8  remedy at law, Plaintiff is also entitled to injunctive relief.

9                              **SECOND CLAIM FOR RELIEF**

10    **(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

11    32.    Plaintiff repeats and incorporates herein by reference each and every

12  allegation contained in Paragraphs 1 through 31 above, inclusive, as though fully set

13  forth herein.

14    33.    Defendants, either independently or through collaboration with one

15  another, are using the AAA marks in connection with their goods and services.

16    34.    On information and belief, defendants use the AAA marks in

17  commerce, which use has been done with the deliberate intent of capitalizing and

18  trading on the good will and reputation of Plaintiff.

19    35.    The use in commerce of the AAA marks by defendants will tend to

20  cause and, on information and belief, has caused the relevant public and trade to

21  believe erroneously that defendants' services are associated, authorized, sponsored,

22  or controlled by Plaintiff.

23    36.    Defendants' use in commerce of the AAA marks in connection with

24  their goods and services constitutes a false designation of the origin and/or

25  sponsorship of such goods and services and falsely describes and represents such

26  goods and services.

27    37.    By their acts as alleged herein, defendants have falsely designated and

28  represented goods and services sold in commerce in violation of 15 U.S.C. section

Hutan & Tucker LLP
attorneys at law

1   1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own

2   goods and services and have otherwise competed unfairly with Plaintiff.

3       38.    On information and belief, defendants are now committing the acts

4   complained of above and have continued to do so in defiance of Plaintiff's request

5   that they cease such acts.

6       39.    Defendants, after due notice, have displayed a willful course of conduct

7   toward appropriation and destruction of Plaintiff's rights in and to the AAA marks.

8       40.    Defendants' wrongful acts and conduct as alleged herein have

9   permitted or will permit them to generate substantial sales and profits on the

10  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good

11  will in connection with the AAA marks.

12      41.    As a result of defendants' wrongful acts alleged herein, Plaintiff has

13  suffered and will continue to suffer monetary damage in an amount not thus far

14  determined.

15      42.    On information and belief, defendants' acts of unfair competition by

16  false designation of origin in violation of the Lanham Act have caused financial

17  injury and damages to Plaintiff and have been willful, making this an exceptional

18  case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby

19  entitling Plaintiff to damages, attorneys' fees, and costs.

20      43.    Defendants' acts and conduct constitute unfair competition that has

21  caused and, unless restrained and enjoined by this Court, will continue to cause

22  irreparable harm, damage, and injury to Plaintiff's good will and business

23  reputation.

24      44.    Plaintiff is entitled to damages as a result of defendants' actions and

25  conduct and, because such damages alone do not provide Plaintiff with an adequate

26  remedy at law, Plaintiff is entitled to injunctive relief.

27  / / /

28  / / /

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07

COMPLAINT FOR TRADEMARK
INFRINGEMENT

-8-

# THIRD CLAIM FOR RELIEF

## (Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))

45.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 though 44 above, inclusive, as though fully set forth herein.

46.    Plaintiff's AAA trade name and service marks were used in commerce long before defendants' adoption and use of AAA marks in connection with their goods and services.

47.    Plaintiff's AAA trade name and service marks have become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with motor vehicle testing services, such fame occurring long before defendants' adoption and use of the AAA marks in connection with their goods and services.

48.    Defendants use the AAA marks in promoting their goods and services in the same trade areas and channels of trade in which Plaintiff's AAA trade name and service marks are recognized and famous.

49.    On information and belief, defendants' use of the AAA marks has lessened the capacity of Plaintiff's famous AAA trade name and service marks to identify and distinguish Plaintiff's goods and services.

50.    Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous AAA trade name and service marks by the low quality of defendants' goods and services.

51.    On information and belief, defendants' acts of trade name or service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

52.    Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07

COMPLAINT FOR TRADEMARK
INFRINGEMENT
-9-

1  Therefore, Plaintiff is entitled to injunctive relief.

2  **FOURTH CLAIM FOR RELIEF**

3  **(Injury to Business Reputation and Dilution –**

4  **Cal. Bus. & Prof. Code § 14330)**

5  53.    Plaintiff repeats and incorporates herein by reference each and every

6  allegation contained in Paragraphs 1 through 52 above, inclusive, as though fully set

7  forth herein.

8  54.    Plaintiff is the owner of marks that are distinctive and famous in the

9  State of California.

10  55.    On information and belief, defendants have used and continue to use

11  the famous AAA marks after the marks became famous, which use dilutes the

12  distinctive quality of Plaintiff's marks.

13  56.    On information and belief, defendants' actions described herein were

14  taken and continue to be taken with full knowledge that such actions would and do

15  dilute the AAA marks and with the intention to cause dilution of the marks.

16  57.    As a result of the actions described herein, defendants have caused, and

17  unless restrained and enjoined by this Court, will continue to cause irreparable harm,

18  damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good

19  will and business reputation.

20  58.    Plaintiff has no adequate remedy at law and is being irreparably

21  damaged by defendants' acts in violation of California Business & Professions Code

22  section 14330.

23  **FIFTH CLAIM FOR RELIEF**

24  **(Unfair and Deceptive Trade Practices –**

25  **Cal. Bus. & Prof. Code § 17000 *et seq.*)**

26  59.    Plaintiff repeats and incorporates herein by reference each and every

27  allegation contained in Paragraphs 1 through 58 above, inclusive, as though fully set

28  forth herein.

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07                                    -10-

COMPLAINT FOR TRADEMARK
INFRINGEMENT

60.    The acts and practices of defendants as alleged herein violate the California Uniform Unfair and Deceptive Trade Practices Act, California Business & Professions Code section 17000 *et seq.*, because (a) the actions and conduct of defendants cause a likelihood of consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of services, (b) the actions and conduct of defendants cause a likelihood of consumer confusion or misunderstanding as to affiliation, connection, or association with or certification by another, and (c) the actions and conduct of defendants create other likelihood of consumer confusion or misunderstanding.

61.    The acts and practices of defendants as alleged herein significantly threaten or harm consumers.

62.    Defendants' acts have caused damage to Plaintiff, including incidental and general damages, lost profits, and out-of-pocket expenses.

63.    Defendants have profited and in the future will profit unjustly from their unjust business practices.  Accordingly, pursuant to Business and Professions Code section 17203, Plaintiff seeks an award representing the amount of ill-gotten gains that must be disgorged by defendants.  Defendants should therefore be required to disgorge and restore to Plaintiff all profits and other expenses as may be incurred by Plaintiff.

64.    As a result of the acts alleged herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.  Plaintiff therefore has no adequate remedy at law and is also entitled to injunctive relief.

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07                                    -11-

COMPLAINT FOR TRADEMARK
INFRINGEMENT

## SIXTH CLAIM FOR RELIEF

### (Common Law Palming Off, Trade Name and Trademark Infringement, and Unfair Competition)

65.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 64 above, inclusive, as though fully set forth herein.

66.    Defendants' actions and conduct as alleged herein constitute palming off their services as Plaintiff's services offered under the famous AAA marks.

67.    Such actions and conduct by defendants constitute unfair competition under California common law.

68.    Defendants' actions and conduct in adopting and using the AAA marks in California constitute trademark infringement under California common law.

69.    Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

70.    Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

71.    Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1.    That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07

COMPLAINT FOR TRADEMARK
INFRINGEMENT

-12-

1  "AAA" or any other name or mark incorporating Plaintiff's service marks, either

2  alone or in combination with other words or symbols, in the marketing, sales,

3  distribution, promotion, advertising, identification, or in any other manner in

4  connection with any motor vehicle testing services and other related services at any

5  locality in the United States;

6      2.    That defendants, and each of them, their officers, directors, partners,

7  agents, servants, employees, attorneys, confederates, and all persons acting for,

8  with, by, through or under them, and any others within their control or supervision,

9  and all others in active concert or participation with the above, be enjoined during

10  the pendency of this action and permanently thereafter from using the designation

11  "AAA" or any other name or mark incorporating Plaintiff's service marks in any

12  form or manner that would tend to identify or associate defendants' businesses or

13  services with Plaintiff in the marketing, sale, distribution, promotion, advertising,

14  identification, or in any other manner in connection with any business;

15      3.    That defendants, and each of them, their officers, directors, partners,

16  agents, servants, employees, attorneys, confederates, and all persons acting for,

17  with, by, through or under them, and any others within their control or supervision,

18  and all others in active concert or participation with the above, be enjoined during

19  the pendency of this action and permanently thereafter from referring to their

20  businesses as "triple A" (either orally or in writing) in the marketing, sale,

21  distribution, promotion, advertising, identification, or in any other manner in

22  connection with any business;

23      4.    That defendants, and each of them, their officers, directors, partners,

24  agents, servants, employees, attorneys, confederates, and all persons acting for,

25  with, by, through or under them, and any others within their control or supervision,

26  and all others in active concert or participation with the above, be enjoined during

27  the pendency of this action and permanently thereafter from representing to anyone

28  (either orally or in writing) that their businesses are affiliated with Plaintiff in any

1  way or is an AAA agent or contractor unless their businesses are approved by

2  Plaintiff to be an AAA agent or contractor;

3      5.    For an order requiring defendants to deliver to Plaintiff's attorney

4  within thirty (30) days after the entry of any preliminary or permanent injunction, to

5  be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages,

6  wrappers, containers, advertising materials, stationery, and any other items in their

7  possession or control that contain the infringing designation "AAA" or any other

8  name or mark incorporating Plaintiff's service marks, either alone or in combination

9  with other words and symbols;

10     6.    For an order requiring defendants to remove from their business

11 premises within thirty (30) days after the entry of any preliminary or permanent

12 injunction, all instances of the "AAA" designation, and to destroy all molds, plates,

13 masters, or means of creating the infringing items;

14     7.    For an order requiring defendants to instruct, within thirty (30) days

15 after the entry of any preliminary or permanent injunction, any print directory,

16 Internet directory, or website that they have caused to carry the AAA mark,

17 including, without limitation, any reference to their fictitious business names

18 containing the "AAA" designation or other infringing designation, to cease using

19 such names at the earliest possible date;

20     8.    For an order requiring defendants to cancel all fictitious name

21 registrations and licenses of any type that consist of or were issued to an entity with

22 the "AAA" designation in its name;

23     9.    For an order requiring defendants to file with the Clerk of this Court

24 and serve Plaintiff, within thirty (30) days after the entry of any preliminary or

25 permanent injunction, a report in writing, under oath, setting forth in detail the

26 manner and form in which defendants have complied with 1 through 8 above;

27     10.   For an order requiring defendants to account for all profits made by

28 defendants and to hold all such profits in constructive trust for the benefit of

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948 01 a11/06/07                           -14-

COMPLAINT FOR TRADEMARK
INFRINGEMENT

1 | Plaintiff;

2 | 11.    For an award of defendants' profits and Plaintiff's damages in an
3 | amount not yet ascertained but believed to exceed $500,000;

4 | 12.    For an award of three times Plaintiff's damages or defendants' profits
5 | in view of the intentional and willful nature of defendants' acts, pursuant to 15
6 | U.S.C. section 1117;

7 | 13.    For an award of punitive damages according to proof;

8 | 14.    For an award of reasonable attorneys' fees under 15 U.S.C.
9 | section 1117;

10 | 15.    For an award of pre- and post-judgment interest at the highest rate
11 | allowed by law;

12 | 16.    For an award of costs and disbursements incurred in this action; and
13 | 17.    For such further relief as this Court shall deem just and proper.

14 |

15 | Dated:  November 6, 2007

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
AKO S. WILLIAMS

By: _____
    Ako S. Williams
    Attorneys for Plaintiff
    AMERICAN AUTOMOBILE
    ASSOCIATION, INC.

Rutan & Tucker LLP
attorneys at law

2275/017601-0027
859948.01 a11/06/07

-15-

# United States Patent Office

**829,265**

**Registered May 23, 1967**

## PRINCIPAL REGISTER
### Service Mark

Ser. No. 230,991, filed Oct. 22, 1965

# AAA

The American Automobile Association (Incorporated)
(Connecticut corporation)
1712 G St. NW.
Washington, D.C.  20006

For: AUTOMOBILE ASSOCIATION SERVICES RENDERED TO MOTOR VEHICLE OWNERS, MOTORISTS, AND T R A V E L E R S GENERALLY—NAMELY, OBTAINING MOTOR VEHICLE LICENSE PLATES AND TITLE CERTIFICATES; SPONSORING SCHOOL SAFETY PATROLS; ADVOCATING LEGISLATION FAVORABLE TO SAFE AND ECONOMICAL MOTOR VEHICLE TRAVEL, OPERATION, AND MAINTENANCE; CONDUCTING MOTOR VEHICLE TESTS AND MAKING TESTS OF AUTOMOTIVE AND RELATED PRODUCTS; AND RATING T O U R I S T ACCOMMODATIONS—in CLASS 100.

First use 1903; in commerce 1903.

For: ARRANGING FOR DISCOUNT PURCHASES, COLLECTING DAMAGE CLAIMS; OFFERING REWARDS FOR INFORMATION LEADING TO ARREST AND CONVICTION OF PERSONS STEALING MEMBERS' AUTOMOBILES; AND PLACING INSURANCE WITH UNDERWRITERS, in CLASS 101.

First use 1916; in commerce 1916.

For: PROVIDING BAIL BOND, in CLASS 102.

First use 1916; in commerce 1916.

For: PROVIDING EMERGENCY ROAD SERVICE, in CLASS 103.

First use 1916; in commerce 1916.

For: DISSEMINATING TRAVEL INFORMATION AND MAKING TRAVEL ARRANGEMENTS, in CLASS 105.

First use 1902; in commerce 1902.

For: TEACHING MOTOR VEHICLE OPERATION; CONDUCTING T R A F F I C AND PEDESTRIAN SAFETY CAMPAIGNS, AND GIVING TRAFFIC SAFETY LESSONS, in CLASS 107.

First use 1924; in commerce 1924.

Owner of Reg. Nos. 547,321 and 703,556.

Int. Cls.: 16, 35, 36, 37, 39 and 42

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100, 101, 102, 103, 105 and 106

## United States Patent and Trademark Office

Reg. No. 2,158,654

Registered May 19, 1998

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



AMERICAN AUTOMOBILE ASSOCIATION, INC. (CONNECTICUT CORPORATION)
1000 AAA DRIVE
HEATHROW, FL 327465063

FOR: MAGAZINES, PAMPHLETS, BOOKLETS, AND DIRECTORIES IN THE FIELDS OF TRAVEL INFORMATION, TRAFFIC SAFETY, VEHICLE INFORMATION AND REPAIR, AND DRIVER INSTRUCTION; MAPS, GROUPS OF STRIP AND OTHER MAPS, AND PRINTED BOOKLETS AND PAMPHLETS FEATURING TOURING AND ROUTE INFORMATION, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

FOR: ARRANGING FOR DISCOUNT PURCHASES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

FOR: ADJUSTING AND COLLECTING INSURANCE DAMAGE CLAIMS; INSURANCE BROKERAGE SERVICES, NAMELY, OBTAINING INSURANCE, PLACING INSURANCE WITH UNDERWRITERS; FINANCIAL SERVICES, NAMELY, ISSUING, PAYING, AND COLLECTING TRAVELER'S CHECKS; BANKING SERVICES, NAMELY, TIME DEPOSITS; INVESTMENT ADVICE COUNSELING SERVICES; CREDIT CARD AND AUTO LOAN SERVICES; REIMBURSEMENT FOR LEGAL SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

FOR: EMERGENCY ROAD SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

FOR: TRAVEL AGENCY SERVICES, NAMELY, MAKING RESERVATIONS AND BOOKING FOR TRANSPORTATION, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 1-1-1997; IN COMMERCE 1-1-1997.

EXHIBIT 2 PAGE 17

2                                    2,158,654

FOR: AUTOMOBILE CLUB SERVICES,
NAMELY, RATING TOURIST ACCOMMODA-
TIONS; PROMOTING PUBLIC AWARENESS OF
THE NEED FOR TRAFFIC AND PEDESTRIAN
SAFETY BY MEANS OF SPONSORING
SCHOOL SAFETY PATROLS AND CONDUCT-
ING TRAFFIC AND PEDESTRIAN SAFETY
CAMPAIGNS; PROMOTING THE INTERESTS
OF AUTOMOBILE TRAVELERS BY ADVO-
CATING LEGISLATION FAVORABLE TO
SAFE AND ECONOMICAL MOTOR VEHICLE
TRAVEL, OPERATION, AND MAINTENANCE;
CONSUMER PRODUCT SAFETY TESTING
AND CONSULTATION, NAMELY, CONDUCT-
ING MOTOR VEHICLE TESTS AND ENDUR-

ANCE TESTS, AND MAKING TESTS OF
AUTOMOTIVE AND RELATED PRODUCTS;
TRAVEL ARRANGING SERVICES, NAMELY,
MAKING RESERVATIONS AND BOOKING
FOR LODGING, IN CLASS 42 (U.S. CLS. 100
AND 101).

FIRST USE 3-1-1997; IN COMMERCE
3-1-1997.

OWNER OF U.S. REG. NOS. 547,321, 1,784,437
AND OTHERS.

SER. NO. 75-263,673, FILED 3-25-1997.

ANDREW BENZMILLER, EXAMINING AT-
TORNEY

EXHIBIT 2  PAGE 18

AAA Smog Test Only, Burlingame, CA on Smalltown, Burlingame

# Smalltown,®

| favorites | my posts |
| --- | --- |

Classifieds
Smalltown Shortcuts
Automotive
Clothing & Accessories
Community Organizations
Education
Entertainment
Financial Services
Home & Garden
Legal Services
Medical Services
Merchant Services
Municipal Services
Pets
Real Estate
Recreation
Restaurants
Services
Services
Shopping
Travel & Transportation
Wellness & Beauty

VISIT ANOTHER TOWN   DAILY DIGEST   CONTACT US   JOIN - IT'S FREE   MEMBER LOGIN

search   post a Weekend   write a review   start a discuss

100+   0   10

map   back

Welcome

② AAA Smog Test Only

Coupon   email   report this

869 California Dr.
Burlingame, CA 94010

tel.  (650) 340-0492
fax:  (650) 340-0087

Testing and Certifying ALL DMV Required Smog
Checks including:

-Regular Smog Checks,
-TEST ONLY directed vehicles,
-registration Renewal Notices,
-Gross Polluters,
-Out of State Vehicles,

ATTACHED WEBCARDS

add to favori

send to frien

print this

write a revie

http://www.smalltown.com/burlingame/card/163600

10/17/2007

EXHIBIT 3 PAGE 19