1  **Kevin R. Martin, SBN 176853**
   kmartin@randicklaw.com
2  **Patrick E. Guevara SBN 202727**
   pguevara@randicklaw.com
3  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
4  Pleasanton, California   94588
   Telephone      (925) 460-3700
5  Facsimile      (925) 460-0969

6  Attorneys for Defendant MOHAMMAD NAJAFPIR,
   an Individual dba AAA SMOG TEST ONLY

7

8                    UNITED STATE DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOHAMMAD NAJAFPIR, an individual doing business as AAA-SMOG TEST ONLY; AAA SMOG TEST ONLY, an entity of unknown form; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.:  CV 07-5720 MHP<br><br>**ANSWER OF DEFENDANT MOHAMMAD NAJAFPIR, AN INDIVIDUAL DBA AAA-SMOG TEST ONLY**<br><br>**JURY DEMANDED** |

Defendant Mohammad Najafpir, an Individual dba AAA-SMOG TEST ONLY ("Najafpir") through the undersigned counsel, hereby responds to the Complaint of American Automobile Association, Inc. in the above-captioned action as follows:

**JURISDICTION AND VENUE**

1.      Paragraph 1 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, Najafpir denies the allegations of Paragraph 1 of the Complaint.

1

2. Paragraph 2 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, Najafpir denies the allegations of Paragraph 2 of the Complaint.

3. Najafpir admits he resides in this judicial district. The remainder of Paragraph 3 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, Najafpir denies the allegations of Paragraph 3 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

4. Paragraph 4 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, Najafpir denies the allegations of Paragraph 4 of the Complaint.

**PARTIES**

5. Najafpir lacks information nor belief sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and on that basis denies them.

6. Najafpir admits that he is an individual residing in this judicial district doing business as AAA Smog Test Only.

7. Najafpir lacks information nor belief sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8. Najafpir denies that Plaintiff has suffered any damage as alleged. The remainder of Paragraph 8 of the Complaint consists of legal conclusions to which no answer is required, but to the extent an answer is required, Najafpir denies the allegations of Paragraph 8 of the Complaint.

9. Najafpir lacks information nor belief sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. The allegations of this paragraph are not directed at Najafpir and require no response from Najafpir.

**NATURE OF THE CASE**

11. The allegations of this paragraph are not directed at Najafpir and require no response from Najafpir.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Najafpir admits that Trademark Registration No. 829,265 includes services identified as "conducting motor vehicle tests." Najafpir denies that the mark is famous, and that the services are registered under International Class 42, as the registration certificate itself indicates U.S. Class 100 only. Najafpir lacks information nor belief sufficient to admit or deny the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13. Najafpir admits that Trademark Registration No. 2,158,654 includes services identified as "conducting motor vehicle tests." Najafpir denies that the mark is famous, and Najafpir lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17. Najafpir admits he offers automobile smog testing services only and no other automobile services at his place of business. Najafpir denies the remaining allegations in Paragraph 17. In addition, the definition of "AAA marks" results in ambiguity since Reg. 2,158,654 is a stylized logo registration which differs from the word mark AAA.

18. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20. Najafpir denies the allegations in Paragraph 20 of the Complaint.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

(Federal Service Mark Infringement- 15 U.S.C. §1114(1)(a) and (b))

21. Najafpir incorporates by reference its responses to Paragraphs 1 through 20 as set forth above.

22. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27. Najafpir denies the allegations in Paragraph 27 of the Complaint.

28. Najafpir denies the allegations in Paragraph 28 of the Complaint.

29. Najafpir denies the allegations in Paragraph 29 of the Complaint.

30. Najafpir denies the allegations in Paragraph 30 of the Complaint.

31. Najafpir denies the allegations in Paragraph 31 of the Complaint.

**SECOND CLAIM FOR RELIEF**

(Unfair Competition by False Designation of Origin- 15 U.S.C. § 1125(a))

32. Najafpir incorporates by reference its responses to Paragraphs 1 through 31 as set forth above.

33. Najafpir denies the allegations in Paragraph 33 of the Complaint.

34. Najafpir denies the allegations in Paragraph 34 of the Complaint.

35. Najafpir denies the allegations in Paragraph 35 of the Complaint.

36. Najafpir denies the allegations in Paragraph 36 of the Complaint.

37. Najafpir denies the allegations in Paragraph 37 of the Complaint.

| | | |
|---|---|---|
| 1 | 38. | Najafpir denies the allegations in Paragraph 38 of the Complaint. |
| 2 | 39. | Najafpir denies the allegations in Paragraph 39 of the Complaint. |
| 3 | 40. | Najafpir denies the allegations in Paragraph 40 of the Complaint. |
| 4 | 41. | Najafpir denies the allegations in Paragraph 41 of the Complaint. |
| 5 | 42. | Najafpir denies the allegations in Paragraph 42 of the Complaint. |
| 6 | 43. | Najafpir denies the allegations in Paragraph 43 of the Complaint. |
| 7 | 44. | Najafpir denies the allegations in Paragraph 44 of the Complaint. |

### THIRD CLAIM FOR RELIEF

(Trade Name or Service Mark Dilution – 15 U.S.C. §1125(c)(1))

45. Najafpir incorporates by reference its responses to Paragraphs 1 through 44 as set forth above.

46. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 46 of the Complaint, and on that basis denies them.

47. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 47 of the Complaint, and on that basis denies them.

48. Najafpir denies the allegations in Paragraph 48 of the Complaint.

49. Najafpir denies the allegations in Paragraph 49 of the Complaint.

50. Najafpir denies the allegations in Paragraph 50 of the Complaint.

51. Najafpir denies the allegations in Paragraph 51 of the Complaint.

52. Najafpir denies the allegations in Paragraph 52 of the Complaint.

### FOURTH CLAIM FOR RELIEF

(Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code §14330))

53. Najafpir incorporates by reference its responses to Paragraphs 1 through 52 as set forth above.

54. Najafpir lacks information or belief sufficient to admit or deny the allegations in Paragraph 54 of the Complaint, and on that basis denies them.

55. Najafpir denies the allegations in Paragraph 55 of the Complaint.

56. Najafpir denies the allegations in Paragraph 56 of the Complaint.

57. Najafpir denies the allegations in Paragraph 57 of the Complaint.

58. Najafpir denies the allegations in Paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Unfair and Deceptive Trade Practices- Cal. Bus. & Prof. Code §1700 et. seq.)

59. Najafpir incorporates by reference its responses to Paragraphs 1 through 58 as set forth above.

60. Najafpir denies the allegations in Paragraph 60 of the Complaint.

61. Najafpir denies the allegations in Paragraph 61 of the Complaint.

62. Najafpir denies the allegations in Paragraph 62 of the Complaint.

63. Najafpir denies the allegations in Paragraph 63 of the Complaint.

64. Najafpir denies the allegations in Paragraph 64 of the Complaint.

## SIXTH CLAIM FOR RELIEF

(Common Law Palming Off, Trade Name and Trademark Infringement, and Unfair Competition)

65. Najafpir incorporates by reference its responses to Paragraphs 1 through 64 as set forth above.

66. Najafpir denies the allegations in Paragraph 66 of the Complaint.

67. Najafpir denies the allegations in Paragraph 67 of the Complaint.

68. Najafpir denies the allegations in Paragraph 68 of the Complaint.

69. Najafpir denies the allegations in Paragraph 69 of the Complaint.

70. Najafpir denies the allegations in Paragraph 70 of the Complaint.

71. Najafpir denies the allegations in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

(Laches)

The claims set forth in the Complaint are barred by the equitable doctrines of laches and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Waiver/Acquiescence)

The claims set forth in the Complaint are barred by the equitable doctrines of waiver and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

(Invalidity/Genericness)

Plaintiff's alleged trademarks are void, invalid, without secondary meaning, or generic.

## FIFTH AFFIRMATIVE DEFENSE

(Functionality)

Plaintiff's alleged trademarks are functional in nature.

## SIXTH AFFIRMATIVE DEFENSE

(Abandonment)

Plaintiff's alleged trademarks have been abandoned.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Secondary Meaning)

Plaintiff's alleged trademarks have achieved no secondary meaning.

## EIGHTH AFFIRMATIVE DEFENSE

(Defective Complaint)

Plaintiff's Complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure in that it does not contain "a short and plain statement of the claim[s]."

/ / /

/ / /

/ / /

/ / /

## NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The claims set forth in the Complaint are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

(Adequate Legal Remedy)

Each and every request for injunctive relief in the Complaint is barred by the adequate legal remedy doctrine, in that, to the extent Plaintiff prevails on any of its claims, money damages would be an adequate legal remedy.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Najafpir researched and selected his tradename in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

(Fraud in Procurement of Trademarks)

The claims set forth in the Complaint are invalid in that Plaintiff has procured its trademark registration(s) through fraud, misstatement of facts, and/or failure to disclose information regarding the generic or descriptive nature of mark.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's request for equitable relief is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Other Defenses)

Najafpir presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, separate defenses available. Accordingly, Najafpir reserves the right to assert additional separate defenses to the Complaint in the event that further discovery or inquiry indicates they are appropriate.

WHEREFORE, Najafpir prays for judgment as follows:

1.  That Plaintiff be awarded nothing against Najafpir on its Complaint.

2. That this action be dismissed as against Najafpir.

3. That Najafpir be awarded all of its costs and attorney's fees incurred herein.

Date: December 14, 2007                    RANDICK O'DEA & TOOLIATOS, LLP


                                           By:    _____/s/_____
                                                  Kevin R. Martin