```
Michael T. Hornak (State Bar No. 81936)
mhornak@rutan.com
Ako S. Williams (State Bar No. 212451)
awilliams@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

Kevin R. Martin (State Bar No. 176853)
Patrick E. Guevara (State Bar No. 202727)
RANDICK O'DEA & TOOLIATOS, LLP
5000 Hopyard Road, Suite 400
Pleasanton, California 94588
Telephone: 925-460-3700
Facsimile: 925-460-0969

Attorneys for Defendant
MOHAMMAD NAJAFPIR
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MOHAMMAD NAJAFPIR, an individual doing business as AAA SMOG TEST ONLY; AAA SMOG TEST ONLY, an entity of unknown form; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No. CV 07-5720 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Telephonic CMC:<br>Date:         March 4, 2008<br>Time:        3:00 p.m.<br>Courtroom:  15<br>Hon. Marilyn Hall Patel |

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Northern District Civil Local Rule ("Local Rule" or "Local Rules") 16-9, and this Court's Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement, plaintiff American Automobile Association, Inc. ("AAA") and defendant Mohammad Najafpir

("Najafpir") submit this Joint Case Management Statement for the Case Management Conference set for March 4, 2008, at 3:00 p.m. On January 31, 2008, counsel for the parties conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1.

1.   **JURISDICTION AND SERVICE.**

This Court has jurisdiction under 28 U.S.C. section 1338(a) because this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1) as well as under pendent jurisdiction under 28 U.S.C. section 1367. Defendants do not assert any counterclaim. No issues exist regarding personal jurisdiction or venue. All parties have been served.

2.   **FACTS.**

**AAA's Summary:**

This is a trademark infringement case. AAA is a Connecticut corporation with its headquarters in Heathrow, Florida. AAA has been providing a variety of services to motor vehicle owners and motorists since the early 1900s. AAA owns the famous AAA marks—in block letters and stylized logo—of U.S. service mark registration numbers 829,265 and 2,158,654, used in connection with a wide range of services, including but not limited to conducting motor vehicle tests in International Class 42. AAA has been serving motorists under the block letter AAA mark for more than 100 years. AAA owns numerous other famous registered trademarks incorporating the "AAA" mark in the United States and throughout the world. AAA is recognized throughout the world as a provider of motor vehicle-related services, including vehicle testing services.

Defendant Mohammad Najafpir ("Najafpir") owns and operates a smog testing station called "AAA Smog Test Only" in Burlingame, California. Najafpir uses the "AAA" mark in conducting and promoting his business, including, without limitation, by prominently displaying the trade name on his business premises, in his signage, in his stationery, in telephone and online directory listings, and in various other marketing materials. AAA is informed and believes that Najafpir is licensed by the California Bureau of Automotive Repairs to operate a smog test station under the name "AAA Smog Test Only."

On or about September 12, 2007, AAA sent a "cease and desist" letter to Najafpir dba AAA Smog Test Only, giving notice of AAA's ownership of federally registered service marks

and demanding that Najafpir immediately cease and desist from all uses of the "AAA" mark in connection with his smog testing business. Najafpir responded to this letter by expressing his unwillingness to comply with the demand.

On or about October 8, 2007, AAA's outside counsel sent a second cease and desist letter to Najafpir, again giving notice of AAA's ownership of federally registered service marks and demanding that Najafpir immediately cease and desist from all uses of the AAA marks in connection with his smog testing business. Najafpir received this letter on October 9, 2007, but ignored it. Based on information and belief, Najafpir continues to use the "AAA" mark in conducting his smog testing business.

The validity and ownership of the AAA marks is incontestable. AAA believes that, given the longstanding use of the marks, the strength of the marks is undisputed. Given that the AAA marks are federally registered in a class encompassing auto repair services, AAA believes that the proximity of the services provided by the parties is also undisputed. Because Najafpir incorporates the mark "AAA" in his trade name, the similarity of the mark is clear. As such, the principal factual issues are:

- Evidence of actual and likelihood of confusion;
- Marketing channels used by the parties;
- The type of services provided by the parties and the degree of care likely to be exercised by the customers;
- Defendants' intent in selecting the marks;
- Likelihood of expansion of the services provided by the parties;
- Defendant's dilution of the AAA marks; and
- Defendants' profits.

**Najafpir's Summary:**

Defendant Mohammad Najafpir doing business as AAA Smog Test Only began operation of his smog test only facility in Burlingame, California in July 2007. Najafpir is one of literally dozens of " AAA Smog Only" facilities doing business throughout California, many for substantially long periods of time, with no comment from Plaintiff. Based on this substantial prior

use by other similar businesses, Najafpir in good faith opened his shop and has spent substantial time and resources in developing signage, advertising and goodwill around his business. Najafpir disputes Plaintiff's contention that the "AAA" mark is singularly known as a source identifier for American Automobile Association, but believes the mark has been abandoned to widespread use in the industry and/or is subject to other generic fair use as an indicator of high quality services or a number one business. In addition, Najafpir contends that the Smog Test Only market can be readily distinguished from the auto repair market for which Plaintiff has its registration, since California law restricts association and ownership interest between smog test only stations and service stations similar to those owned or operated by Plaintiff. As such, the principal factual issues as Najafpir sees them are:

- Evidence of Plaintiff's actual use of the AAA marks;
- Whether the AAA marks have been abandoned by Plaintiff;
- Plaintiff's enforcement efforts of its AAA marks;
- The type of services provided by the parties and the degree of care likely to be exercised by consumers;
- Expenditures by Najafpir in signage, advertising and developing goodwill;
- Third party uses of the alleged marks; and
- What if any damage has Plaintiff suffered.

3.  **LEGAL ISSUES.**

   **AAA's Position:**

   In this action, AAA asserts: (1) federal service mark infringement pursuant to 15 U.S.C. section 1114; (2) federal false designation of origin pursuant to 15 U.S.C. section 1125(a); (3) federal service mark dilution pursuant to 15 U.S.C. section 1125(c)(1); (4) injury to business reputation and dilution pursuant to California Business & Professions Code section 14330; (5) unfair and deceptive trade practices pursuant to California Business and Professions Code sections 17000, *et seq.*; and (6) common law unfair competition and trademark infringement.

   AAA believes that the disputes in this case are largely factual, except for the question of whether this case constitutes an "exceptional case" under 15 U.S.C. section 1117(a).

To prove trademark infringement under the Lanham Act, plaintiff must prove (1) ownership by the plaintiff of a valid trademark; (2) use of the mark in commerce by the defendant without the owner's consent; and (3) use of the mark by the defendant in a manner likely to cause confusion, mistake, or deception. *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, 1995 U.S. Dist. LEXIS 8280, *9 (N.D. Cal. 1995); *Fuddruckers, Inc. v. Doc's B.R Others, Inc.* v, 826 F.2d 837, 841 (9th Cir. 1987). The first two elements are undisputed. Pursuant to 15 U.S.C. section 1115(b), a valid federal trademark registration constitutes *prima facie* evidence that the holder owns the mark and has the exclusive right to use the mark in connection with the goods or services specified in the registration. See, e.g., *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004).

The third element—likelihood of confusion—is a question of fact. "The issue of likelihood of confusion is a mixed question [of law and fact] which appears to be predominantly factual in nature." *Levi Strauss & Co. v. Blue-Bell, Inc.*, 778 F.2d 1352, 1355.

A determination that Defendants infringe the AAA marks under the Lanham Act will be dispositive of AAA's remaining claims for relief. "[T]he standard for Lanham Act unfair competition is the same as that for Lanham Act trademark infringement, and "the elements of state claims for trademark infringement and unfair competition are substantially similar to those of the comparable federal claims" *Glow Industries, Inc. v. Lopez*, 252 F.Supp.2d 962, 975 n. 90 (C.D. Cal. 2002), citing *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1045 (9th Cir. 1999) and *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002).

However, the interpretation of what constitutes an "exceptional case" within the meaning of 15 U.S.C. section 1117(a) is a question of law. "[A] case is exceptional within the meaning of 15 U.S.C. § 1117(a) where the infringement is willful, deliberate, knowing or malicious." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003). Willful or deliberate infringement will suffice to establish that the case is exceptional. *Id.*, at 1218. AAA contends that this case is exceptional because Najafpir's infringement is willful. Najafpir's infringement is willful because he continued infringement of the AAA marks even after AAA

gave him notice that AAA held federally registered service marks. See *O'Brien Int'l, Inc. v. Mitch*, 1980 U.S. Dist. LEXIS 16638, *30 (N.D. Cal. 1980) (continuation of flagrant infringement after notice entitles the trademark holder to attorneys' fees). AAA is informed and believes that, given the fact that the AAA marks are famous, even before he was given formal notice of the marks, he was at all relevant times well aware of the marks and that he intended to deceive consumers in using the "AAA" mark in conducting his smog test business.

**Najafpir's Position:**

Najafpir disputes there is any likelihood of confusion under the factors outlined in *AMF, Inc. v. Sleekcraft Boats* 599 F.2d 341, 204 U.S.P.Q. 808 (9th Cir. 1979). Specifically, Najafpir contends that Plaintiff has abandoned its mark to widespread third party use; that the consumers who utilize the respective services use such a degree of care in selecting those services that there is no likelihood of confusion; that there has been no actual confusion; that Najafpir's use of the mark is in fair use; that considered in their entireties the marks are substantially different; and that Najafpir's use of the mark is functional or generic in nature.

**4.   MOTIONS.**

No motions have been filed. If this case is not resolved through ENE, the parties anticipate filing motions for summary judgment and/or partial summary judgment on one or more of AAA's claims. The parties' proposed motion cutoff date is set forth below.

**5.   AMENDMENT OF PLEADINGS.**

The parties at this time do not intend to amend the pleadings or join any additional unnamed parties. However, discovery has not yet begun, and the parties reserve the right to seek to amend the pleadings or to join additional parties if and when warranted by the facts and circumstances of the case. The parties propose that the last day to join parties and amend the pleadings be ninety (90) days after the date of the Court's Case Management Order. The parties further propose that any motions to join other parties or for leave to amend the pleadings be filed within sixty (60) days of the date of the Case Management Order so that they can be heard and decided prior to the deadline.

6. **EVIDENCE PRESERVATION.**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. AAA has a written record retention policy and retains all documents and e-mails relevant to a claim once litigation is foreseeable or filed. No documents that are relevant to this action have been destroyed.

7. **DISCLOSURES.**

The parties agreed to exchanged their initial disclosures on February 14, 2008, in accordance with Federal Rule of Civil Procedure 26. Pursuant to the agreement, AAA served its initial disclosures on February 14, 2008, whereas Najafpir served his initial disclosures on February 19, 2008. Pursuant to Rule 26, the parties have disclosed: (1) the persons likely to have discoverable information that the parties may use to support their claims or defenses and the subject matter of such information; (2) documents the parties may use to support their claims or defenses; (3) computation of damages; and (4) the existence of insurance coverage with respect to this action.

8. **DISCOVERY.**

No discovery has taken place. The parties believe that discovery is needed at least on the following subjects:

- Defendants' infringement of the AAA marks;
- The nature of the goods and services provided by Defendants;
- The nature of the goods and services provided by Plaintiff;
- Plaintiff's enforcement efforts for the AAA marks;
- Third party uses of the AAA marks;
- Defendants' motivation for adopting the AAA marks;
- Dilution of AAA's trademarks caused by Defendants' use of the AAA marks;
- AAA's actual damages;
- Defendants' expenditures in signage, advertising and goodwill;
- Defendants' profits; and
- Defendants' willfulness in infringing the AAA marks.

The parties do not believe that discovery should be conducted in phases or that it be limited to particular issues. The parties do not anticipate any issues regarding the production of electronically stored information, but they will seek to resolve such issues as they may arise. To the extent any documents are produced electronically, the parties agree to produce them in their native format. The parties stipulate that discovery of metadata is unnecessary.

The parties do not anticipate any issues regarding privilege or work product, but they will seek to resolve such issues as they may arise. The parties intend to submit a proposed Stipulated Protective Order for discovery matters in this case.

The parties generally do not believe it is necessary to alter the limitations regarding discovery set forth in the Federal Rules of Civil Procedure or the Local Rules and do not believe any other limitations on discovery need be ordered. However, the parties reserve the right to seek relief to exceed the limitations under the Federal Rules of Civil Procedure if such relief is warranted by the facts and circumstances of the case.

## 9. CLASS ACTIONS.

Because this is not a class action, this section is inapplicable.

## 10. RELATED CASES.

No related cases or proceedings are pending before another judge of this court or before another court or administrative body.

## 11. RELIEF.

AAA seeks injunctive relief, damages, attorneys' fees, and costs against Defendants. AAA has not prepared a computation of damages because it is unable to do so until it obtains necessary information from defendants regarding, among other things, the extent of defendants' use of the AAA mark and defendants' profits as a result of their trademark infringement. At a minimum, AAA is entitled to its actual damages, defendants' profits from defendants' infringement, damages for harm to AAA's business and trademarks, punitive damages, attorneys' fees and costs, and treble damages. See, e.g., 15 U.S.C. 1117(a) and (b); Cal. Bus. & Prof. Code §§ 14340, 17203; Cal. Civ. Code § 3294; *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1996); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1025 (9th Cir. 1985)

(noting "an award of punitive damages is not considered excessive as long as it punishes the wrongdoer without causing financial ruin").

**12.   SETTLEMENT AND ADR.**

  Pursuant to ADR Local Rule 3-5, the parties have selected Early Neutral Evaluation. Although no settlement discussions have taken place, the parties are hopeful that they may be able to resolve this matter early in the process.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

  The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   OTHER REFERENCES.**

  The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES.**

  AAA believes that AAA's ownership of and the validity of the AAA marks can be established by the parties' stipulation. AAA does not believe the trial should be bifurcated. Najafpir does not dispute the ownership of the AAA marks, but their validity is in question.

**16.   EXPEDITED SCHEDULE.**

  The parties do not believe that this is the type of case that should be handled on an expedited basis.

**17.   SCHEDULING.**

  The parties propose the following deadlines:

| Event | Proposed Date |
|---|---|
| • Non-expert Discovery Cutoff: | August 18, 2008 |
| • Initial Expert Disclosures and Reports: | August 25, 2008 |
| • Rebuttal Expert Disclosures and Reports: | September 22, 2008 |
| • Expert Discovery cutoff: | October 24, 2008 |
| • Last day for Hearing Dispositive Motions: | October 13, 2008 |

- Pretrial Conference: November 17, 2008
- Trial Date: December 1, 2008

### 18. TRIAL.

No parties have properly requested a jury trial, and as such, the case will be tried to the court. The parties estimate two days for the trial.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.

AAA has filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-16. AAA has identified plaintiff American Automobile Association, Inc., defendant Mohammad Najafpir (individual doing business as AAA Smog Test Only), and defendant AAA Smog Test Only (entity of unknown form) as interested parties. Defendants have not filed a Certification of Interested Entities or Persons.

### 20. OTHER MATTERS.

None.

Dated: February 26, 2008

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
AKO S. WILLIAMS

By: /s/ Ako S. Williams
Ako S. Williams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

Dated: February 26, 2008

RANDICK O'DEA & TOOLIATOS, LLP

By: /s/ Kevin R. Martin
Kevin R. Martin
Attorneys for Defendant
MOHAMMAD NAJAFPIR